IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-cv-81281-DMM

CHRISTOPHER SADOWSKI,

    Plaintiff,

v.

UNLAWFUL THREADS LLC,

    Defendant.

_____

**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION**

**THIS CAUSE** is before the Court upon plaintiff Christopher Sadowski ("Plaintiff") Motion for Default Final Judgment (the "Motion") against defendant Unlawful Threads LLC ("Defendant") [D.E. __]. The Court has considered the Motion, has noted the Clerk's default against Defendant, and is otherwise advised in the premises.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Court concludes that Plaintiff has met its burden of showing that it is entitled to a final default judgment as to Defendant. Plaintiff has also met its burden of showing that it is entitled to permanent injunctive relief against Defendant as specified herein.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

I.    **Findings of Fact**

    1.    Plaintiff is an award-winning photojournalist and is widely published in some of the world's most important newspapers and magazines, including but not limited to, the New York Post, Daily Mail Online, Reader's Digest, USA Today, New York Times, Fox News, CBS News, NBC News, Boston Globe, Boston Herald, Los Angeles Times, Newsweek Magazine, and People

Magazine.

2. Throughout his career, Plaintiff has been self-employed as a professional photographer who specializes in photo-documenting ordinary life and the human condition.

3. Plaintiff travels throughout the New York, New Jersey and Connecticut tri-state area taking photographs that tell a story about tragedy, hope, calamity, joy, discord and renewal.

4. Using state-of-the-art equipment, Plaintiff creates high-end photography licensed by some of the top publishers in this country. When commissioned for a job, Plaintiff spends countless hours capturing hundreds of photographs and then processing those photographs to ensure they meet customers' requirements.

5. Plaintiff maintains a commercial website (http://www.csnyphoto.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Plaintiff, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

6. Plaintiff owns each of the photographs available for license on his website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that his customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

7. In 2017, Plaintiff created a professional photograph of a Home Depot store titled "012517homedepot14CS, 5/19/2017" (the "Work").

8. The Work was registered by Plaintiff with the Register of Copyrights on June 30, 2017, and was assigned Registration No. VA 2-056-827. A copy of the Certificate of Registration

pertaining to the Work is attached to the Complaint as Exhibit A thereto.

9. The Work was licensed to the *New York Post* and published alongside an article titled "Home Depot bucks sluggish retail trends" (https://nypost.com/2017/05/16/home-depot-bucks-sluggish-retail-trends/). The foregoing New York Post article (immediately below the Work appearing in the article) credits Plaintiff as the author/creator of the Work – an attribution known in the industry as a "gutter credit."

10. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

11. Defendant is an e-commerce store founded in 2016 offering custom designs for a variety of products such as shirts, mugs, and custom graphics on demand.

12. On August 19, 2019 (after Plaintiff's above-referenced copyright registration of the Work), Defendant published a copy of the Work on its Facebook page (at https://www.facebook.com/morefloridamemes/photos/check-out-our-florida-store-for-florida-shirtsmugsstickers-and-wine-tumblerswe-s/1380633602103092/?paipv=0&eav=AfbkSpp4Usur0z9AVSsU0_IBVzs04EIa7yM3T33_tc72N3pkFa3ZyOD_QJQZG0TVgM8&_rdr).

13. A copy of the screenshot of Defendant's Facebook page, displaying the copyrighted Work, is attached to the Complaint as Exhibit B thereto.

14. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website/advertising or for any other purpose.

15. Defendant utilized the Work for commercial use.

16. Upon information and belief, Defendant located a copy of the Work on the internet

and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

17. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in April 2023.

18. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of his Work.

## II. Conclusions of Law

### A. *Applicable Legal Standards*

Federal Rule of Civil Procedure 55 sets forth two steps to obtain a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the Court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

The Court must review the sufficiency of the complaint before determining if a moving party is entitled to default judgment. See U.S. v. Kahn, 164 F. App'x 855, 858 (11th Cir. 2006) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206) (5th Cir. 1975); Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to show its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  If the admitted facts are enough to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount.  See Nishimatsu, 515 F.2d at 1206.  An evidentiary hearing on damages is not required by Rule 55, and it is within the Court's discretion to choose whether to hold such a hearing.  See Fed. R. Civ. P. 55(b)(2); SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); Tara Productions, Inc. v. Hollywood Gadgets, Inc., 449 F. App'x 908, 911-12 (11th Cir. 2011).

### B. *Copyright Infringement*

The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)]... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a).  "Copyright infringement has two elements: (1) ownership of a valid copyright, and (2) copying of protectable elements."  Home Design Servs., Inc. v. Turner Heritage Homes Inc., 825 F.3d 1314, 1320 (11th Cir. 2016).

With respect to the first element, a certificate of registration "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c).  "Once a plaintiff produces a valid registration, the burden shifts to the defendant to establish that the work in which the copyright claimed is unprotectable."  Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010).  Here, Plaintiff registered the Work pursuant to 17 U.S.C. § 411(a) with the Register of Copyrights on June 30, 2017, and was assigned Registration No. VA 2-056-827. Defendants have not appeared in this action to challenge Plaintiff's registration/ownership of a valid copyright.

The copying element of an infringement claim has two components. Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1232 (11th Cir. 2010). First, a plaintiff must demonstrate that the defendant copied the plaintiff's work as a factual matter. Id. Second, the plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. Id. at 1233.

Here, the screenshot of Defendant's website unequivocally show Defendant's copying of the Work. Defendant's default further constitutes an admission as to such copying. There is no factual or subjective issue of "substantial similarity" here as Defendant copied and published a duplicate image of the Work. Thus, Defendant undisputedly copied Plaintiff's copyrighted Work and Plaintiff has met his burden on each element for the subject claim.

### C.     *Willfulness*

Willful infringement occurs when the Defendant acts "with 'actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" Arista Records, Inc. v. Beker Enterprises, Inc., 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (J. Cohn) (citing Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc., 658 F. Supp. 458, 464 (E.D. Pa. 1987)). "Moreover, this Court may infer that Defendants willfully infringed Plaintiffs' copyrights because of Defendants' default." Id. at 1313 (citations omitted); Sternbaum v. Refinery Lab, LLC, No. 22-cv-22002-BLOOM/Otazo-Reyes, 2022 U.S. Dist. LEXIS 201960, at *5-6 (S.D. Fla. Nov. 4, 2022) ("[A] court may infer that a defendant willfully infringed a plaintiff's copyright because of a defendant's default."); Myeress v. Beautiful People Magazine, Inc., No. 22-cv-20137, 2022 U.S. Dist. LEXIS 80586, at *6 (S.D. Fla. May 3, 2022) ("Given Plaintiff's repeated requests and Defendant's reproduction, distribution, and public display of the copyrighted work without obtaining, or even seeking, permission from Plaintiff as copyright owner, and subsequent refusal

to pay a licensing fee to compensate for its use of the Work, demonstrates that Defendant had actual knowledge, or at least acted with reckless disregard, of the fact that its conduct infringed upon Plaintiff's exclusive copyright."); Affordable Aerial Photography, Inc. v. Elegance Transp., Inc., No. 6:21-cv-1166-CEM-LHP, 2022 U.S. Dist. LEXIS 32586, at *20 (M.D. Fla. Feb. 23, 2022) ("[A] court may also infer that a defendant's copyright infringement is willful based on the defendant's default alone."); Strober v. Harris, No. 8:20-cv-2663-MSS-JSS, 2021 U.S. Dist. LEXIS 256001, at *5 (M.D. Fla. Nov. 23, 2021) ("[B]ecause Harris has defaulted in this action, the Court infers that his infringement was willful."); Wareka v. Faces, No. 20-CV-62466-WILLIAMS/VALLE, 2021 U.S. Dist. LEXIS 201546, at *6 (S.D. Fla. Oct. 19, 2021) ("[W]illful infringement of copyright may be inferred from a defendant's default on a complaint."); Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932, at *4 (S.D. Fla. Aug. 7, 2020) ("The Court may infer that the Defendant willfully infringed the Plaintiff's copyright through the Defendant's default."); Hursey v. Bunches Direct USA, Inc., No. 1:20-cv-20553-KMM, 2020 U.S. Dist. LEXIS 264919, at *8 (S.D. Fla. Aug. 3, 2020) ("As a result of Defendant's default, the Court may infer Defendant willfully engaged in copyright infringement against Plaintiff.").

As succinctly stated by Judge Bloom in Sternbaum:

> Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Work of the Plaintiff without Plaintiff's consent or authority. Those established facts demonstrate that Defendant acted with reckless disregard of the fact that its conduct infringed upon Plaintiff's exclusive copyright.

Sternbaum, 2022 U.S. Dist. LEXIS 201960, at *6. When awarding increased damages in the context of Section 504(c)(2), "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws."

Cable/Home Communication Corp. v. Network Productions, 902 F.2d 829, 851 (11th Cir. 1990) (internal quotation omitted).

Here, Plaintiff took the extra step of notifying Defendant of its infringement pre-lawsuit. Defendant ignored Plaintiff's e-mails, Federal Express (which included a draft copy of the Complaint in this lawsuit and warned Defendant such would be filed), and telephone calls. Defendant did not make any effort to communicate with Plaintiff/his counsel until October 2023 (when Andrew Lockton, Esq. secured additional time to respond to the Complaint and later to confirm that Mr. Lockton did not represent Defendant). Defendant's refusal to pay a reasonable licensing fee and refusal to respond to multiple infringement notices demonstrates that Defendant had actual knowledge, or at least acted with reckless disregard, of the fact that its conduct infringed upon Plaintiff's exclusive copyrights in the Work.

Accordingly, Defendant's default and the well-pled facts of the Complaint, which are admitted by Defendant's default, establish that Defendant's infringement of the Work was willful and deliberate.

### D. *Plaintiff's Damages*

#### 1. **Actual Damages**

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement, which includes lost sales, lost opportunities to license, or diminution in the value of the copyright." Lorentz v. Sunshine Health Prods., No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 148752, at *12 (S.D. Fla. Sep. 7, 2010).

The copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. Id. at 15. To demonstrate entitlement to a

reasonable license fee, the fair market value of an infringed work may be established by "evidence of benchmark licenses, that is, what licensors have paid for use of similar work." Thornton v. J. Jargon Co., 580 F. Supp. 2d 1261 (M.D. Fla. 2008) (citing Montgomery v. Noga, 168 F.3d 1282, 1295 n.19 (11th Cir. 1999)).

As set forth above and in the Sadowski Decl., Plaintiff created the Work pursuant to a Freelance Photographer Independent Contractor Agreement with NYP Holdings, Inc. (the publisher of the New York Post). The New York Post does not pay Plaintiff to license individual photographs created as part of an assignment, but rather pays him an all-inclusive rate for such assignments. Plaintiff retains full ownership of the photographs he creates and makes those photographs available to license to other media outlets and generally to the public.

Plaintiff's recent licensing history with respect to the commercial use of his professional photographs include the following:

| Date | Licensee | Description | Amount |
| --- | --- | --- | --- |
| 7/9/2020 | CBS Broadcasting | Michael Cohen photograph | $1,800.00 |
| 7/9/2020 | Fox News | Michael Cohen photograph | $2,100.00 |
| 10/20/2021 | Fox News | Immigrants arriving on plane | $2,000.00 |
| 10/21/2021 | Fox News | Immigrants arriving on plane | $4,000.00 |
| 10/05/2022 | Trend Micro Inc. | Home Depot Front | $2,000.00 |

True and correct copies of the foregoing licenses are attached to the Sadowski Decl. as Composite Exhibit "1." The photographs at issue here captured a Home Depot storefront. The photograph was utilized by the New York Post (in addition to various other captured by Plaintiff) in an article titled "Home Depot bucks sluggish retail trends" (https://nypost.com/2017/05/16/home-depot-bucks-sluggish-retail-trends/).

Here, Plaintiff's license of the same photograph to Trend Micro Inc. is the most similar to the facts before the Court. Based on that license, Plaintiff's normal licensing rates, and the type of use at issue here (online publication), Plaintiff would have licensed the Work to Defendant for a $2,000.00 annual license fee. Because Defendant displayed the Work from at least August 19, 2019 through June 8, 2023, Defendant would owe Plaintiff at least 4x annual licensing fees (as Plaintiff does not prorate his work) in a total amount of **$8,000.00**.

There is currently a Circuit split with respect to the 'lookback' period for which a plaintiff may recover damages under the Copyright Act. The Second Circuit in Sohm v. Scholastic Inc., 959 F.3d 39 (2d Cir. 2020) held that a plaintiff is limited to recover damages during the 3 years prior to the filing of a complaint. The Ninth Circuit in Starz Ent., LLC v. MGM Domestic TV Distribution, LLC, 39 F.4th 1236 (9th Cir. 2022) and the Eleventh Circuit in Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325 (11th Cir. 2023) rejected that approach, holding that a plaintiff may recover damages dating back to the date of infringement. In September 2023, the U.S. Supreme Court granted certiorari in Nealy to resolve the Circuit split. Thus, if the Eleventh Circuit is reversed, Plaintiff's actual damages would be limited to a 3-year lookback period (i.e., $6,000.00).

Defendant's failure to participate in this lawsuit has limited Plaintiff's ability to conduct discovery to fully discover the extent of its infringement. Further, Defendant's inaction and refusal to participate in this lawsuit suppressed the information necessary to fully calculate Plaintiff's actual damages. Similarly, Defendant's refusal to cooperate in this lawsuit has prevented Plaintiff from discovering any profits received by Defendant that would be recoverable pursuant to 17 U.S.C. § 504(b) in addition to Plaintiff's actual losses. To establish Defendant's profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the

infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Defendant solely controls all information concerning its gross revenue related to its infringing uses of the Work, and it has stymied Plaintiff's ability to present that evidence to the Court.

In view of the foregoing, actual damages are insufficient due to Defendant's refusal to appear and participate in discovery, and Plaintiff thus elected to seek an award of statutory damages for Defendant's willful infringement of Plaintiff's copyrighted Work.

### 2. Statutory Damages for Copyright Infringement

Pursuant to 17 U.S.C. § 504(c), Plaintiff elected to recover statutory damages for Defendants' infringement of Plaintiff's exclusive rights in the copyrighted Work, and enhancement of its statutory award based upon the willfulness of such infringement. Where (as here) willful infringement has occurred, courts will generally look to a plaintiff's actual damages and award 3x – 5x to properly account for statutory damages. See, e.g., Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932, at *5-7 (S.D. Fla. Aug. 7, 2020) (trebling the plaintiff's actual damages after applying a scarcity multiplier); Joe Hand Promotions, Inc. v. Alburl, No. 5:18-cv-1935-LCB, 2020 U.S. Dist. LEXIS 29309, at *16-17 (N.D. Ala. Feb. 20, 2020) ("Courts have generally upheld awards of three times the amount of the proper licensing fee as an appropriate sanction to ensure that the cost of violating the copyright laws is substantially greater than the cost of complying with them."); Broad. Music, Inc. v. N. Lights, Inc., 555 F. Supp. 2d 328, 332 (N.D.N.Y. 2008) ("[T]o put infringers on notice that it costs less to obey the copyright laws than to violate them, a statutory damage award should significantly exceed the amount of unpaid license fees. As such, courts often impose statutory damages in an amount more

than double unpaid licensing fees where the infringement was not innocent."); Broad. Music, Inc. v. Prana Hosp'y, Inc., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) ("[C]ourts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid."); Broad. Music, Inc. v. George Moore Enters., Inc., 184 F. Supp. 3d 166, 171-72 (W.D. Pa. Apr. 25, 2016) ("Statutory damages serve the dual purposes of compensation and deterrence: they compensate the plaintiff for the infringement of its copyrights; and they deter future infringements by punishing the defendant for its actions.").

In cases of non-willful infringement, statutory damages may be awarded up to $30,000.00 resulting from the infringement of the copyrighted Work. See 17 U.S.C. § 504(c)(1). However, as discussed above, Defendant's conduct – as well as its decision not to defend against Plaintiff's claim – demonstrates that its conduct is willful. Given the circumstances of the instant case, Plaintiff submits that an award of statutory damages in the amount of ***$32,000.00*** ($8,000.00 x 4)[1] under 17 U.S.C. § 504(c)(2) is appropriate to compensate Plaintiff for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages, and to deter future violations of copyright law.

Even assuming, arguendo, that the Court is not convinced of Plaintiff's actual damages, it is well within the Court's discretion to award substantial damages to the Plaintiff upon a finding of willfulness. For example, in Corson v Brown Harris Stevens of the Hamptons, LLC, the court found that willfulness entitled plaintiff to the enhanced statutory damages provided by 17 U.S.C. § 504(c)(2) (notwithstanding that the court found the plaintiff proved $0.00 in actual damages):

---

[1] If the Supreme Court limits damages to a 3-year lookback period, this calculation would result in statutory damages of $24,000.00 ($6,000.00 x 4).

> So first the main issue was whether defendant's infringement was willful. I find here willfulness entitles plaintiff to the enhanced statutory damages provided by 17 U.S.C. Section 504(c)(2). The standard for willful infringement is not only knowledge on the defendant's part that what it did was infringement but also reckless disregard of the practice of protecting creativity, the very purpose of copyright. When the plaintiff can demonstrate, either directly or through circumstantial evidence, that defendant had knowledge that its actions constituted infringement, or recklessly disregarded that possibility, enhanced statutory damages for willful copyright infringement under 17 U.S.C. Section 504(c)(2) are appropriate.
>
> Plaintiff successfully proved that her photograph was copyright protected. It's clear that defendant, as a sophisticated business, knew there was copyright involved and did nothing to check those rights or to clear permission to reprint from the photographer.
>
> I find that the infringement was willful, and I find that the conduct of indifference to the rights of others was egregious and that the statutory damages should be $25,000. There were no actual damages.

Corson v. Brown Harris Stevens of the Hamptons, LLC, 2018 U.S. Dist. LEXIS 248214, at *8 – 9 (S.D.N.Y. Jan. 24, 2018). Brown Harris Stevens of the Hamptons, LLC was a fully litigated case in which, though the court found that plaintiff proved $0.00 in actual damages, a finding of willfulness permitted statutory damages to be awarded, as "[t]he Supreme Court instructs that the statutory rule formulated after long experience not merely compels restitution of profit and reparation from injury but also a desire to discourage wrongful conduct." Id. at * 9 (citing F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952)).

### E.   *Costs and Attorneys' Fees*

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party… the court may also award reasonable attorney's fee to pay the prevailing party as part of the costs." Upon entry of a final judgment, Plaintiff is the prevailing party in this action. In view of the willful nature of Defendant's infringement and failure to defend or otherwise

participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorney's fees to Plaintiff is appropriate.

The Court finds that the costs sought by the Motion ($442.00) are taxable against Defendant. These costs consist of the filing fee for this lawsuit and the service of process costs.

Having concluded Plaintiff is entitled to attorneys' fees, the Court must now determine the reasonableness of Plaintiff's requested fee amount. The Court has performed the lodestar analysis and finds that Plaintiff's counsel reasonably expended 9.35 hours in connection with pursuing this matter. The Court further finds that $450.00 is a reasonable hourly rate for Plaintiff's counsel (Daniel DeSouza), that $325.00 is a reasonable hourly rate for the junior associate attorney, and that $125.00 is a reasonable hourly rate for the paralegals. in this action given the complexity of the matter, the results obtained, and the experience of Plaintiffs' counsel which the Court found to be substantial. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." See, e.g., Afford. Aerial Photography, Inc. v. Elegance Transp., Inc., No. 6:21-cv-1166-CEM-LHP, 2022 U.S. Dist. LEXIS 32586, at *30 (M.D. Fla. Feb. 23, 2022) (report & recommendation)[2] (finding Plaintiff's counsel's rate reasonable in copyright infringement lawsuit in which Plaintiff's counsel was primary attorney); Shelton v. Liberty Mut. Fire Ins. Co., No. 8:12-cv-2064-T-30AEP, 2014 U.S. Dist. LEXIS 19874, at *6 (M.D. Fla. Feb. 18, 2014) (finding $425.00 per hour reasonable for AV-rated lead attorney who "has been practicing for nearly 17 years"); Ikpe v. Kreative Therapy & Rehab Ctr., Inc., Case No. 18-23217-CIV, 2019 U.S. Dist. LEXIS 47106, at *2 (S.D. Fla. Mar. 20, 2019) (J. Williams) (holding that $400.00 per hour was a reasonable rate for an attorney with 16 years of experience in an FLSA case); ADT LLC, v. Sec.

---

[2] A default judgment in favor of Plaintiff and against Defendants was entered on March 14, 2022 [D.E. 17].

Networks, LLC, No. 12-81120-Civ-Hurley/Hopkins, 2018 U.S. Dist. LEXIS 5974, at *25 (S.D. Fla. Jan. 11, 2018) (finding rates of $425.00 - $440.00 per hour reasonable for attorney with over 15 years' experience, admitted to multiple states, and who practices complex commercial litigation); Bork v. Quynh, No. 2:19-cv-354-FtM-38MRM, 2020 U.S. Dist. LEXIS 202810, at *4 (M.D. Fla. Oct. 14, 2020) (hourly rate of $450.00 per hour reasonable for 10-year attorney in copyright infringement lawsuit); Newman v. Eduardo Meloni, P.A., No. 0:20-CV-60027-UU, 2020 U.S. Dist. LEXIS 163064 , at *2 (S.D. Fla. Sept. 4, 2020) (finding a $450 per hour requested rate reasonable in class action lawsuit for senior partner with sixteen years of experience and a $350 per hour requested rate reasonable for associate with more than five years of experience); Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc., 2010 U.S. Dist. LEXIS 16128, 2010 WL 680948, at *12 (S.D. Fla. Feb. 24, 2010) (finding reasonable hourly rates for commercial litigator with 22 years of experience to be in the range of $475.00 - $500.00).

Mr. DeSouza is a 2004 graduate of the George Washington University Law School who is admitted to both the Florida Bar and the New York Bar. He previously worked at Milbank, Tweed, Hadley & McCloy LLP (from 2004 – 2010) and Becker & Poliakoff, PA (from 2010 – 2014) before forming DeSouza Law, PA in 2014 and jointly forming CopyCat Legal PLLC in 2019. He is admitted to a multitude of federal courts throughout the country and has extensive experience litigating cases in both federal and state court.

In addition to Mr. DeSouza, a junior associate (Meghan Medacier) also billed time on this matter. She is a 2021 graduate of The University of Florida Levin College of Law, where she served on law review. She previously worked at Cole, Scott & Kissane, P.A. prior to joining CopyCat Legal in 2023. She is admitted to the Florida Bar, the United States District Court for the Southern District of Florida, the United States District Court for the Middle District of Florida,

and the United States District Court for the District of Colorado. The Court thus finds that $325.00 is a reasonable hourly rate for Ms. Medacier.

Given the above, the Court has calculated the lodestar amount to be $3,538.25. [3]

### F.     *Permanent Injunction*

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. Injunctions are regularly issued pursuant to Section 502 because "the public interest is the interest in upholding copyright protections"; and courts also regularly issue injunctions as part of default judgements. Arista Records, 298 F. Supp. 2d at 1314 (entering permanent injunction against defendants with respect to plaintiff's copyrighted work, including plaintiff's work to be created in the future).

Here, Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff, such that Plaintiff has no adequate remedy at law. For example, the ability of Defendant to use Plaintiff's Work for its own commercial benefit without compensation to Plaintiff greatly impairs the market value of the Work, since others competing in that business or in related business areas, will not want to obtain a license to Plaintiff's work if it is already associated with a competing business; and potential licensees of Plaintiff will not want to pay license fees to Plaintiff if they see other commercial enterprises taking and using Plaintiff's

---

[3]     Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 generally provide the process by which a prevailing party may recover fees/costs (respectively). While a prevailing party must ordinarily file a post-judgment motion and/or Bill of Costs, many courts allow such to be requested in a default judgment motion in the interest of judicial economy and to avoid successive motions against a non-appearing defendant. See, e.g. Wade v. Allyrides LLC, No. 2:21-cv-393-SPC-NPM, 2022 U.S. Dist. LEXIS 55883, at *2 (M.D. Fla. Mar. 11, 2022) (recognizing that Rule 54(d) requires a post-judgment motion for attorneys' fees but considering request for award within motion for default judgment "in the interests of judicial economy"); Griego v. Ariz. Partsmaster, Inc., Civil Action No. 20-cv-0639-WJM-MEH, 2021 U.S. Dist. LEXIS 75499, at *11 (D. Colo. Apr. 20, 2021) (awarding attorneys' fees and costs requested as part of motion for default judgment).

photographs for its own commercial purposes without paying any fee at all.

Accordingly, this Court will enter a permanent injunction against Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, prohibiting them from (a) directly or indirectly infringing Plaintiff's copyright or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any work derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

### III.   Conclusion

For the foregoing reasons, the Motion is **GRANTED**. The Court will enter final judgment separately in Plaintiff's favor.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida this __ day of _____, 2023.

_____
Donald M. Middlebrooks
United States District Judge